UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
STEVEN A. CUCULICH, as Trustee of Inter :
Vivos Tr II FBO The Cuculich Family,    :   Case No.: 1:21-cv-6752
                                        :
                   Plaintiff,           :
                                        :
          -against-                     :   **COMPLAINT**
                                        :
JOHN Z. RIGOS,                          :
                                        :
                   Defendant.           :
                                        :
------------------------------------------------------------x

Steven A. Cuculich ("Trustee"), as Trustee of Inter Vivos Tr II FBO The Cuculich Family ("Trust"), by his attorneys, for his complaint against John Z. Rigos ("Rigos") alleges:

## JURISDICTION AND VENUE

1. The Court has diversity jurisdiction over the defendant pursuant to 28 U.S.C. §1332(a)(1).

2. Venue is proper in the Southern District of New York under 28 U.S.C. §1391(b) and (c).

## PARTIES

3. Plaintiff is an individual trustee of the Trust and a Florida citizen with a home address at 1600 Renaissance Way, Tampa, Florida 33602. The beneficiaries of the Trust are four individuals, who are citizens of Ohio, New Jersey, Illinois and Arizona, respectively.

4. Upon information and belief, defendant Rigos is a New York citizen with a home address at 2 East 75th Street, Apartment 4A, New York, New York 10021.

## PRELIMINARY STATEMENT

5. On November 3, 2014, the Trustee, on behalf of the Trust, entered into an Agreement of Lease (the "Lease Agreement") with FlavorworksTruck LLC d/b/a The Delicious Life by Rocco DiSpirito (the "Tenant"), a New York limited liability company, and Rigos for the lease of the premises located at 45-13 Broadway, Astoria, New York (the "Premises"). The Lease Agreement provides that the Tenant would lease the Premises from the Trust in exchange for monthly lease payments to be made by the Tenant. Rigos guaranteed the Tenant's obligations under the Lease Agreement. The Tenant failed to make payments as required by the Lease Agreement and Rigos failed to subsequently perform Tenant's obligations and make payments as required by his guaranty. Accordingly, the Trustee, on behalf of the Trust, brings this action against Rigos for breach of the guaranty under the Lease Agreement.

## FACTUAL ALLEGATIONS

### Lease Agreement and Guaranty

6. On November 3, 2014, the Trustee (on behalf of the Trust), Tenant and Rigos entered into the Lease Agreement.

7. The Lease Agreement provides, among other things, that the Trust agrees to lease the Premises to Tenant, and Tenant agrees to lease the Premises from the Trust.

8. Section 17 of the Lease Agreement sets forth the events that constitute a default under the Lease Agreement (an "Event of Default"). Specifically, Section 17.1(e) of the Lease Agreement provides that it shall be an Event of Default if the "Tenant shall default on any term or condition of this Lease requiring the payment of Rent, Additional Rent or other charges due under this Lease for more than ten (10) days after written notice".

9. The Lease Agreement provides that during the initial term of the Lease Agreement, Tenant shall pay Basic Rent (as defined in the Lease Agreement) for the Premises on a monthly basis at the following rates:  (i) $11,000.00 per month for the period beginning January 1, 2015 through December 31, 2017; (ii) $11,990.00 per month for the period beginning January 1, 2018 through December 31, 2020; (iii) $13,069.10 per month for the period beginning January 1, 2021 through December 31, 2023; and (iv) $14,245,31 per month for the period beginning January 1, 2024 through December 31, 2024.

10. Pursuant to Section 20.2 of the Lease Agreement, Tenant agreed to reimburse the Trust for all damages incurred, including reasonable attorneys' fees and expenses, due to any breach of the Lease Agreement by the Tenant.  Specifically, Section 20.2 of the Lease Agreement provides that:

> Tenant shall reimburse and compensate Landlord as Additional Rent within fifteen (15) business days after the rendition of a statement, together with true copies of all actual bills and invoices received by Landlord, for all expenditures made by or damages or fines sustained or incurred by Landlord (including, but not limited to, reasonable counsel fees and disbursements incurred in connection with any action or proceeding) due to the…nonperformance or noncompliance with or breach or failure by Tenant to observe any term, covenant or condition of this Lease.

11. Pursuant to Article 37 of the Lease Agreement, Rigos agreed to unconditionally guarantee the Trust that Rigos will fully and promptly pay and perform Tenant's present and future obligations with respect to the Lease Agreement.  Specifically, Section 37.1 of the Lease Agreement provides that:

> Guarantor [Rigos] hereby expressly, absolutely, unconditionally and irrevocably guarantees, without set-off or deduction, jointly and severally, the prompt payment (in lawful money of the United States) when due by the Tenant of all monies now or hereafter due the Landlord [Trust] pursuant to the Lease (collectively, "Payment

3

Obligations") and the prompt and proper performance by the Tenant of all of its obligations to the Landlord pursuant to the Lease, other than those relating to the payment of money (collectively, "Non-Payment Obligations", all such Payment Obligations and Non-Payment Obligations being hereinafter collectively referred to as the "Guaranteed Obligations"). Guarantor agrees that in the event that the Tenant fails to pay any Payment Obligation or perform any Non-Payment Obligation for any reason whatsoever…Guarantor will promptly pay or perform, as the case may be, such Guaranteed Obligations upon demand of the Landlord.

12. Pursuant to Section 37.1 of the Lease Agreement, Rigos unconditionally guaranteed that Rigos will fully and promptly pay and perform all of Tenant's present and future obligations with respect to the Lease Agreement, except that such payment obligations shall not exceed "an amount equal to all Rent (including Additional Rent) due under the Lease for the twelve month period following the date of the default giving rise to such Payment Obligations."

13. Section 37.3 of the Lease Agreement also provides that the Trust may enforce the guaranty against Rigos before taking any court action against Tenant or any other person. Specifically, Section 37.3 of the Lease Agreement provides that:

> A separate action or separate actions under this Guaranty may be brought and prosecuted against Guarantor only after making demand for payment of the Tenant, which demand is not paid in accordance with the Lease, without obligation to bring any action in court against the Tenant or any other person or whether the Tenant or any other person is joined in any such action or actions.

### Failure to Make Payments by Tenant and Rigos

14. Despite its plain obligations under the Lease Agreement, Tenant has failed to, among other things, make payments owed under the Lease Agreement.

15. As of the date hereof, Tenant owes $288,250.00 pursuant to the Lease Agreement.

16. On August 27, 2019, counsel for the Trust and Trustee sent a written demand to Tenant for payment of the outstanding amounts owed under the Lease Agreement.

4

17. On or about September 20, 2019, the Trustee filed a Petition against the Tenant in the Civil Court of the City of New York, County of Queens for a summary proceeding to recover possession of the Premises due to the Tenant's nonpayment of rent under the Lease Agreement.

18. Despite an in-Court Stipulation of Settlement dated December 3, 2019 between the Trustee and the Tenant whereby the Tenant agreed to pay the outstanding amounts owed under the Lease Agreement, the Tenant failed to make, and has continued to fail to make, any payments owed under the Lease Agreement.

19. Although the Trustee received a judgment of possession of the Premises, the Trustee has been unable to evict the Tenant from the Premises due to the eviction moratorium put in place in New York due to the COVID-19 pandemic.

20. On July 12, 2021, counsel for the Trust and Trustee sent a written demand to Rigos for payment of $150,600.00 under the Lease Agreement based on Tenant's failure to make payments under the Lease Agreement.

21. Tenant and Rigos have failed to pay the Trust the foregoing amount.

## CAUSE OF ACTION

### First Cause of Action

### (Breach of Guaranty)

22. The Trustee realleges paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Rigos executed a guaranty in the Lease Agreement in favor of Tenant.

24. The Lease Agreement is a valid and binding agreement.

25. The Lease Agreement contains a valid and binding guaranty

26. The Trustee, on behalf of the Trust, has a claim against Tenant due to Tenant's failure to make payment under the Lease Agreement.

27. Despite due demand, Rigos has failed to make payment under the guaranty in the Lease Agreement.

28. By reason of the foregoing, Rigos has breached his guaranty obligations and caused damages to the Trust, and Rigos is liable to the Trustee, on behalf of the Trust, in the amount of $150,600.00, plus such additional amounts that the Trustee proves at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests judgment against Rigos as follows:

1. Awarding the Trustee damages in an amount to be proven at trial, but in an amount not less than $150,600.00, plus interest;

2. Awarding the Trustee the costs and disbursements of this action, including his reasonable attorneys' fees and court costs; and

3. Awarding such other relief as the Court deems just and proper.

Dated: New York, NY
August 10, 2021

**MOREA SCHWARTZ BRADHAM FRIEDMAN & BROWN LLP**

By: /s/ John M. Bradham
John M. Bradham
Peter B. Katzman
444 Madison Avenue, 4th Floor
New York, New York 10022
Tel. No.: (212) 695-8050

*Attorneys for Plaintiff Steven A. Cuculich, as Trustee of Inter Vivos Tr II FBO The Cuculich Family*